## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

## CASE NO.: 16-20387-CV-ALTONAGA
## (Underlying Criminal Case No.: 13-20334-CR-ALTONAGA)

JOSEPH PETER CLARKE,

      Movant,

vs.

UNITED STATES OF AMERICA,

      Respondant.

_____/

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255

Joseph Peter Clarke submits this memorandum in support of his motion to correct sentence pursuant to 28 U.S.C. § 2255, and states:

1. On October 11, 2013, Mr. Clarke was convicted of one count of conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. §§ 1951(a) and 3559(c) (Count 1); conspiracy to possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 846 (Count 2); one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(3) (Count 4); and one count of possession of a firearm

1

in furtherance of a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A) and 3559(c) (Count 5).  Crim. DE 80.[1]

2.  On December 18, 2013, Mr. Clarke was sentenced to a term of life imprisonment on counts one, two, and four, to be served concurrently, and life imprisonment on count 5, to be served consecutively to the rest.  Crim. DE 110.

3.  Mr. Clarke now requests relief in light of the Supreme Court's decision in *Johnson v. United States*, 576 U.S. __, 135 S. Ct. 2551 (June 26, 2015), which held that the ACCA's "residual clause" in § 924(e)(2)(B)(ii) is unconstitutionally vague.

4.  Application of *Johnson* to this case demonstrates the following:

> 1)  Mr. Clarke no longer qualifies for the enhancement pursuant to § 3559(c)(2) because his conviction in this case of conspiracy to commit Hobbs Act robbery no longer qualifies as a "serious violent felony under § 3995(c)(2)(F);"
>
> 2)  Mr. Clarke no longer qualifies for the enhancement pursuant to § 3559(c)(2) because he no longer has two prior convictions for "serious violent felonies;"
>
> 3)  Mr. Clarke no longer qualifies as an armed career criminal in count four because, post *Johnson*, he no longer has three prior convictions for "violent felonies" under § 924(e); and

---

[1] "Crim. DE" refers to docket entries from the underlying criminal case, 13-20334-CR-ALTONAGA. "Civ. DE" refers to docket entries from this case.

4)  Mr. Clarke is actually innocent of the § 924(c) count because

conspiracy to commit Hobbs Act robbery no longer qualifies as a

predicate "crime of violence."

Accordingly, Mr. Clarke is entitled to relief under § 2255.[2]

## PROCEDURAL HISTORY

On May 10, 2013, Mr. Clarke was indicted for one count of conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. §§ 1951(a) and 3559(c) (Count 1); conspiracy to possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 846 (Count 2); one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(3) (Count 4); and one count of possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A) and 3559(e) (Count 5).  Crim. DE 12.  On October 11, 2013, he was convicted on all counts after a jury trial.

Prior to trial, the government filed a notice of intent to seek enhanced penalties under 18 U.S.C. § 3559(c).  The government listed as the predicate offenses the following convictions:

1)  Case F95-21499 from Miami Dade: conviction for armed robbery under

Florida statute § 812.13(2);

---

[2] In his original *pro se* § 2255 motion, Mr. Clarke raised an ineffective assistance of counsel claim.  Due to difficulty in scheduling a legal call, the undersigned was unable to ascertain if Mr. Clarke wants to continue with that claim.  Thus, the undersigned respectfully requests leave to file a supplement as to Mr. Clarke's position on that claim within one week's time, in order to preserve the claim, should Mr. Clarke desire, and for judicial efficiency.

2) Case F06-28846A from Miami Dade: conviction of burglary of an unoccupied structure, under Florida statute § 810.02(4)(A); and

3) Case F12-6583 from Miami Dade: conviction for fleeing and eluding a police officer.

The notice specified that this enhancement would apply to counts one and five.

On December 18, 2013, this Court sentenced Mr. Clarke to a term of life imprisonment on counts one, two, and four, to be served concurrently, and life imprisonment on count 5, to be served consecutively to the rest.  Crim. DE 110.

On February 1, 2016, Mr. Clarke filed a motion to vacate his sentence under 28 U.S.C. § 2255, *pro se*, arguing his lawyer was ineffective for failing to contest his enhancement under § 3559 and for failing to request a verdict form that required the jury to find that he had a specific amount of drugs.  The government filed a response on March 23, 2016.  Mr. Clarke moved to amend his original § 2255 motion on June 1, 2016 arguing that under *Johnson* he no longer qualified for the § 3559 and ACCA enhancements and that he was innocent of the § 924(c) convictions.  The Court granted that motion.  The government filed a supplemental response on July 17, 2016.  Mr. Clarke then filed a motion requesting the Court to appoint counsel. The Court appointed the Office of the Federal Public Defender to represent Mr. Clarke on December 16, 2016.

The undersigned filed a motion for extension of time to file a supplemental motion.  The Court granted that motion.

4

## **GROUNDS FOR RELIEF**

In *Johnson*, the Supreme Court declared the residual clause of the Armed Career Criminal Act (ACCA)—"or otherwise involves conduct that presents a serious potential risk of physical injury to another," 18 U.S.C. § 924(e)(2)(B)(ii)—to be "unconstitutionally vague" because the "indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges." *Johnson*, 135 S. Ct. at 2557. Thus, "[i]ncreasing a defendant's sentence under the clause denies due process of law." *Id*. Following *Johnson*, Mr. Clarke is no longer an armed career criminal, does not qualify for the § 3995 enhancement, and is actually innocent of his § 924(c) conviction. This is so because the underlying and predicate convictions no longer qualify as "violent felonies" under 18 U.S.C. § 924(e), "serious violent felonies" under § 3995(c)(2)(F), or "crimes of violence" under § 924(c). As an initial matter: Mr. Clarke's claim is cognizable on collateral review; *Johnson* applies retroactively to this case; and Mr. Clarke's claim is timely.

### I.   **Mr. Clarke's claim is cognizable under § 2255.**

Title 28 U.S.C. § 2255(a) authorizes a federal prisoner claiming "that [his] sentence was imposed in violation of the Constitution . . . [to] move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Mr. Clarke claims that his § 924(c) conviction and resultant consecutive sentence violate due process, that he is no longer an armed career criminal, and

that he no longer qualifies for the § 3995 enhancement.  This constitutional claim is cognizable in a § 2255 motion under § 2255(a).

In addition, the Supreme Court has squarely held that, where a defendant is convicted and punished for an offense that the law does not make criminal, he has a claim that is cognizable under 28 U.S.C. § 2255.  *Davis v. United States*, 417 U.S. 333, 346-47 (1974) ("If this contention is well taken, then Davis' conviction and punishment are for an act that the law does not make criminal.  There can be no room for doubt that such a circumstance inherently results in a complete miscarriage of justice and present(s) exceptional circumstances that justify collateral relief under s 2255.  Therefore, although we express no view on the merits of the petitioner's claim, we hold that the issue he raises is cognizable in a s 2255 proceeding.") (quotation marks omitted).

## II.   *Johnson* applies retroactively to this case.

In *Welch v. United States*, the Supreme Court squarely held that "*Johnson* announced a substantive rule that has retroactive effect in cases on collateral review."  578 U.S. at __, 136 S. Ct. 1257, 1268 (2016); *see id.* at 1265 ("the rule announced in *Johnson* is substantive"); *Mays v. United States*, 817 F.3d 728, 736 (11th Cir. 2016) (concluding even before *Welch* that "*Johnson* is retroactive because it qualifies as a substantive rule . . . since it narrows the class of people that may be eligible for a heightened sentence under the ACCA.").  The Supreme Court has also held that decisions narrowing the reach of § 924(c) are substantive rules that apply

retroactively. *Bousley v. United States*, 523 U.S. 614, 620-21 (1998). Thus, there can be little dispute that *Johnson* applies retroactively to this case.

### III.  Mr. Clarke's motion is timely.

As relevant here, § 2255 imposes a one-year statute of limitations that runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). That date runs from the date the Supreme Court recognizes the new right. *Dodd v. United States*, 545 U.S. 343, 360 (2005).

Mr. Clarke's motion is timely under § 2255(f)(3). In declaring the ACCA's residual clause unconstitutionally vague, *Johnson* recognized a new right because that result was not "dictated by precedent" at the time Mr. Clarke's conviction became final. *See Howard v. United States*, 374 F.3d 1068, 1073–74 (11th Cir. 2004). To the contrary, the Supreme Court itself, as well as the Eleventh Circuit, had repeatedly rejected vagueness challenges to the residual clause. *Sykes v. United States*, 564 U.S. 1 (2011); *James v. United States*, 550 U.S. 192, 210 n. 6 (2007); *United States v. Gandy*, 710 F.3d 1234, 1239 (11th Cir. 2013). And, as explained above, *Johnson* applies retroactively because it is a substantive rule.

Therefore, Mr. Clarke has one year from the date *Johnson* was decided— June 26, 2016—to seek relief. *See Dodd v. United States*, 545 U.S. 343, 360 (2005). Thus, this motion is timely under § 2255(f)(3).

## IV.   The categorical and modified categorical approaches.

Initially, it is necessary to briefly set out the governing analytical framework. That framework, summarized below, was refined most recently in *Descamps v. United States*, 133 S. Ct. 2275 (2013), which is "the law of the land" and "must be . . . followed." *United States v. Howard*, 73 F.3d 1334, 1344 n.2 (11th Cir. 2014).

In determining whether a prior conviction qualifies as a "violent felony," sentencing courts must apply the "categorical approach."  Under that approach, "courts may 'look only to the statutory definitions'—*i.e.*, the elements—of a defendant's prior offenses, and *not* 'to the particular facts underlying those convictions.'"  *Descamps*, 133 S. Ct. at 2283 (quoting *Taylor v. United States*, 495 U.S. 575, 600 (1990)).  In adopting this approach, the Court emphasized both Sixth Amendment concerns (explained below) and the need to avert "'the practical difficulties and potential unfairness of a [daunting] factual approach.'"  *Id.* at 2287 (quoting *Taylor*, 495 U.S. at 601).  As a result, courts "look no further than the statute and judgment of conviction."  *United States v. Estrella*, 758 F.3d 1239, 1244 (11th Cir. 2014) (citation omitted).  In doing so, they "must presume that the conviction 'rested upon nothing more than the least of the acts' criminalized."  *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1684 (2011) (quoting *Johnson v. United States*, 559 U.S. 133, 137 (2010)).

After *Johnson*, a conviction may qualify as a "violent felony" if it is one of the ACCA's enumerated offenses.  In determining whether a prior conviction so qualifies, the court must ask whether "the relevant statute has the same elements

as the 'generic' ACCA crime." *Descamps*, 133 S. Ct. at 2283.  If so, "then the prior conviction can serve as an ACCA predicate; so too if the statute defines the crime more narrowly, because anyone convicted under that law is necessarily guilty of all the generic crime's elements." *Id.* (citation and ellipses omitted).  However, "if the statute sweeps more broadly than the generic crime, a conviction under that law cannot count as an ACCA predicate, even if the defendant actually committed the offense in its generic form." *Id.*  "The key . . . is elements, not facts." *Id.*

A prior conviction may also qualify as a "violent felony" if it satisfies the ACCA's elements/force clause.  The categorical approach applies equally in that context.  Again, looking no further than the statute and judgment of conviction, a conviction will qualify as an ACCA predicate "only if the statute on its face requires the government to establish, beyond a reasonable doubt and without exception, an element involving the use, attempted use, or threatened use of physical force against a person for every charge brought under the statute." *Estrella*, 758 F.3d at 1244 (citation omitted). "Whether, in fact, the person suffering under this particular conviction actually used, attempted to use, or threatened to use physical force against a person is quite irrelevant.  Instead, the categorical approach focuses on whether in every case a conviction under the statute *necessarily* involves proof of the element." *Id.* (citations omitted).

To implement the categorical approach, the Supreme Court has "recognized a narrow range of cases in which sentencing courts" may look beyond the statute and judgment of conviction and employ what it is referred to as the "modified categorical

approach." *Descamps*, 133 S. Ct. at 2283–84.  Those cases arise where the statute of conviction contains alternative elements, some constituting a violent felony and some not.  In that scenario, "the statute is 'divisible,'" in that it "comprises multiple, alternative versions of the crime."  *Id.* at 2284.  As a result, "a later sentencing court cannot tell, without reviewing something more [than the statute and judgment of conviction], if the defendant's conviction" qualifies as violent felony.  *Id.*

Two key points must be made about the modified categorical approach.  First, *Descamps* made clear that "the modified categorical approach can be applied only when dealing with a divisible statute."  *Howard*, 742 F.3d at 1344.  Thus, where the statute of conviction "does not concern any list of alternative elements" that must be found by a jury, there is no ambiguity requiring clarification, and therefore the "modified approach . . . has no role to play."  *Descamps*, 133 S. Ct. at 2285–86; *see Estrella*, 758 F.3d at 1245–46; *Howard*, 742 F.3d at 1345–46.  "[I]f the modified categorical approach is inapplicable," then the court must limit its review to the statute and judgment of conviction.  *Howard*, 742 F.3d at 1345.  Even if a statute is divisible, the court need not employ the modified categorical approach if none of the alternatives would qualify.  *Id.* at 1346–47.

Second, even where the modified categorical approach does apply, it does not permit courts to consider the defendant's underlying conduct.  Rather, "the modified approach merely helps implement the categorical approach when a defendant was convicted of violating a divisible statute.  The modified approach thus acts not as an exception, but instead as a tool. It retains the categorical approach's central feature:

a focus on the elements, rather than the facts, of a crime." *Descamps*, 133 S. Ct. at 2285.

In order to ensure that the focus remains on the statutory elements rather than the defendant's underlying conduct, the court is restricted in what documents it may consider.  In *Shepard v. United States*, 544 U.S. 13, 15 (2005), the Supreme Court held that courts are "limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented."  What these *Shepard* documents have in common is that they are "conclusive records made or used in adjudicating guilt."  *Id.* at 21; *see id.* at 23 ("confin[ing]" the class of permissible documents "to records of the convicting court approaching the certainty of the record of conviction").  That accords with their function in the modified categorical approach—namely, to permit the court to identify the elements for which the defendant was convicted.  *Descamps*, 133 S. Ct. at 2284.

Importantly, and as the Supreme Court explained in *Descamps*, that inexorable focus on the elements derives in large part from "the categorical approach's Sixth Amendment underpinnings."  *Id.* at 2287–88.  Other than the fact of a prior conviction, a jury must find beyond a reasonable doubt any fact that increases a defendant's sentence beyond the prescribed statutory maximum.  *Id.* at 2288 (citing *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)).  The reason for the "prior conviction" exception is that, during the earlier criminal proceeding, the

defendant either had a jury or waived his constitutional right to one.  *See Apprendi*, 530 U.S. at 488.

As the Supreme Court made clear in *Descamps*, the use of *Shepard* documents "merely assists the sentencing court in identifying the defendant's crime of conviction, as we have held the Sixth Amendment permits."  133 S. Ct. at 2288. This is so because "the only facts the court can be sure the jury . . . found [beyond a reasonable doubt] are those constituting elements of the offense;" and, similarly, "when a defendant pleads guilty to a crime, he waives his right to a jury determination of only that offense's elements."  *Id.*  But where a court relies on non-*Shepard* documents to increase a defendant's sentence, it "extend[s] judicial factfinding" "beyond merely identifying a prior conviction," violating the Sixth Amendment.  *Id.*

In sum, in determining whether a conviction qualifies as a violent felony, a court must generally consider only the statute and judgment of conviction.  Only if the statute is divisible may the court consider *Shepard* documents, and it may do so only for the sole purpose of ascertaining the statutory elements for which the defendant was convicted.  Once those elements are identified, the court must determine whether the least of the acts prohibited thereby constitutes a generic offense enumerated in the ACCA or necessarily requires the use, attempted use, or threatened use of violent, physical force against another.  In no case may a court rely on non-*Shepard* documents or analyze whether the defendant's underlying conduct constituted a violent felony.

**V.      Mr. Clarke is no longer an armed career criminal.**

The government concedes that Mr. Clarke no longer qualifies as an armed career criminal in count four.  Civ. DE 14:17.  In its supplemental response, the government conceded that Florida's burglary statute is broader than generic burglary and thus, under *Mathis v. United States*, 136 S. Ct. 2243, 2251 (2016), it does not qualify as a violent felony under the ACCA's elements or enumerated clauses.  *Id.*  The government concedes that this burglary conviction is necessary to establish Mr. Clarke's ACCA status, and thus, he no longer qualifies as an armed career criminal.  *Id.*

**VI.     Mr. Clarke is actually innocent of his § 924(c) conviction because post *Johnson*, conspiracy to commit Hobbs Act robbery is no longer a "crime of violence."**

Mr. Clarke was convicted of a violation of 18 U.S.C. § 924(c) in count five.  At the time of conviction, § 924(c)(1) provided:

> [A] person who, during and in relation to any crime of violence . . . (including a crime of violence . . . that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such a crime of violence . . . be sentenced to a term of imprisonment of not less than 5 years . . . .  In the case of a second or subsequent conviction under this subsection, the person shall be sentenced to a term of imprisonment of not less than 20 years . . . .

The term "crime of violence" as used therein was (and still is) defined in § 924(c)(3) to mean an offense that is a felony and –

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

For the reasons detailed below, Mr. Clarke's § 924(c) conviction for use of a firearm during a crime of violence is void because the "crime of violence" element cannot be satisfied here. The predicate offense of conspiracy to commit Hobbs Act robbery does not qualify as a "crime of violence" as a matter of law because (A) the residual clause in § 924(c)(3)(B) is unconstitutionally vague in light of *Johnson*, and (B) conspiracy to commit Hobbs Act robbery does not qualify as a crime of violence under § 924(c)(3)(A)'s elements clause. Therefore, the "crime of violence" element of § 924(c) cannot be sustained, and it is now clear that Mr. Clarke's conviction and consecutive sentence were unconstitutional and must be vacated.

## A.   Section 924(c)'s residual clause is unconstitutionally vague in light of *Johnson*.

*Johnson* held the residual clause in the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii) ("otherwise involves conduct that presents a serious risk of physical injury to another"), to be unconstitutionally vague because the "indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by Judges." 135 S. Ct. at 2557. In the Supreme Court's view, the process espoused by *James v. United States*, 550 U.S. 192, 127 S. Ct. 1586 (2007), of determining what is embodied in the "ordinary case" of an offense, and then of quantifying the "risk" posed by that ordinary case, was constitutionally problematic. *Id.* at 2558. As a result, "[g]rave uncertainty" as to

how to determine the risk posed by the "judicially imagined ordinary case" led the Court to conclude that the residual clause was void for vagueness. *Id.* at 2557.

The residual clause of § 924(c)(3)(B), like the ACCA, requires courts to picture the "ordinary case" of a felony, and then assess the risk posed by that "ordinary case." *See United States v. McGuire*, 706 F.3d 1333, 1337 (11th Cir. 2013) (applying the "ordinary case" inquiry that in *Johnson* led the Supreme Court to conclude that the ACCA residual clause is unconstitutional to § 924(c)(3)).  Thus, the Seventh Circuit recently held § 924(c)'s residual clause unconstitutionally vague.  *United States v. Cardena*, ___ F.3d ___, 2016 WL 6819696, *24 (7th Cir. Nov. 18, 2016) (holding § 924(c)(3)(B) "is virtually indistinguishable from the clause in *Johnson* that was found to be unconstitutionally vague").

The Eleventh Circuit has also held that the same "ordinary risk" analysis applied in ACCA cases also applied to the residual clause of 18 U.S.C. § 16(b), which is identical to that in § 924(c).[3]  *See United States v. Keelan*, 786 F.3d 865, 871 n.7 (11th Cir. 2015) (describing the ACCA residual clause and § 16(b) as "analogous" for analysis purposes).  Accordingly, many district courts in this district have found that § 924(c)'s residual clause is void for vagueness post *Johnson*.  *See e.g.*, *Gerald Mann v. United States*, Case No. 16-22605-Civ-Ungaro, DE 22 (March 16, 2017) (finding movant actually innocent of § 924(c) conviction because residual clause of § 924(c) was unconstitutionally vague and conspiracy to commit Hobbs Act robbery

---

[3] *Compare* § 924(c)(3)(B) (offense "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense") *with* § 16(b) (offense "that, by its nature, involves a substantial risk that physical force against the person or property of another may be used on the course of committing the offense").

no longer qualified as a crime of violence under § 924(c)'s element's clause); *Victor Jardines v. United States*, Case No. 16-22604-Civ-Ungaro, DE 17 (March 13, 2016) (same); *Donald Duhart v. United States*, Case No. 16-61499-Civ-Marra, DE 13:8-12 (Sept. 9, 2016) (finding § 924(c)'s residual clause unconstitutionally vague and granting § 2255 motion); *Michael Hernandez v. United States*, Case No. 16-22657-Civ-Huck (Sept. 27, 2016) (section 924(c)'s residual clause is unconstitutionally vague) (government seeking reconsideration on October 17, 2016).

Several courts in other districts have held the same. *See United States v. Thongsouk Theng Lattaphom*, 159 F.Supp.3d 1157 (E.D. Cal. 2016)*; United States v. Bell,* 158 F.Supp.3d 906 (N.D. Ca. 2016) (finding that the § 924(c) residual clause is unconstitutionally vague and may not be used to establish that robbery of government property under 18 U.S.C. § 2112 is a crime of violence); *United States v. Edmundson*, Case No. 13-cr-00015-PWG, DE 67:11 (D. Md. Dec. 29, 2015) (finding that the § 924(c) residual clause is unconstitutionally vague in context where bank robbery conspiracy was the qualifying "crime of violence"); *United States v. Lattanaphom*, Case No. 2:99-00433, D.E. 1659, (E.D. Cal. Feb. 1, 2016) (dismissing bank robbery conspiracy counts charged as crimes of violence under the residual clause of § 924(c) because that clause is unconstitutionally vague).

Indeed, during litigation of *Johnson*, the Solicitor General agreed that the phrases at issue in *Johnson* and here pose the same problem.  The Solicitor General first recognized that the definitions of a "crime of violence" in both § 924(c)(3)(B) and § 16(b) are identical, and then proceeded to state that § 16(b) is "equally

susceptible to petitioner's central objection to the residual clause" and like the ACCA, "requires a court to identify the ordinary case of the commission of the offense and to make a commonsense judgment about the risk of confrontations and other violent encounters." *Johnson v. United States*, S. Ct. No. 13-7120, Supp. Br. of Resp. United States at 22-23, *available at* 2015 WL 1284964 at *22-*23) (Mar. 30, 2015).

In fact, courts regularly equate these three clauses—18 U.S.C. § 924(c)(3)(B), 18 U.S.C. § 16(b), and the ACCA residual clause—for purposes of analysis. *See, e.g., Chambers v. United States*, 555 U.S. 122, 133, n.2, 129 S. Ct. 687 (2009) (citing both ACCA and § 16(b) cases and noting that § 16(b) "closely resembles ACCA's residual clause") (Alito, J., concurring); *United States v. Sanchez-Espinal*, 762 F.3d 425, 432 (5th Cir. 2014) (despite the fact that the ACCA talks of risk of injury and § 16(b) talks of risk of force, "we have previously looked to the ACCA in deciding whether offenses are crimes of violence under § 16(b)"); *Roberts v. Holder*, 745 F.3d 928, 930-31 (8th Cir. 2014) (using both ACCA cases and §16(b) cases to define the same "ordinary case" analysis); *United States v. Ayala*, 601 F.3d 256, 267 (4th Cir. 2010) (relying on an ACCA case to interpret the definition of a crime of violence under § 924(c)(3)(B)); *Jimenez-Gonzales v. Mukasey*, 548 F.3d 557, 562 (7th Cir. 2008) (noting that, "[d]espite the slightly different definitions," the Supreme Court's respective analyses of the ACCA and § 16(b) "perfectly mirrored" each other).

Post-*Johnson*, in addition to the Seventh Circuit finding § 924(c)'s residual clause void for vagueness, three circuits have extended the reasoning in *Johnson*

and concluded that the statutory language and ordinary risk analysis applicable to § 16(b) is sufficiently similar to that applicable to the ACCA's residual clause that it suffers from the same defects of being unconstitutionally vague. *See Baptiste v. Attorney General*, __ F.3d __, 2016 WL 6595943 (3rd Cir. Nov. 8, 2016); *United States v. Gonzalez-Longoria*, 813 F.3d 225 (5th Cir. 2016); *United States v. Vivas-Ceja*, 808 F.3d 719, 720 (7th Cir. 2015). That logically suggests that the same must also be true of § 924(c)(2)(B)—**with language identical to § 16(b), and to which the same "ordinary risk" analysis applies**. The Supreme Court recently granted *certiorari* on whether § 16(b)'s residual clause is unconstitutionally vague in *Lynch v. Dimaya*, ___ S. Ct. ___, 2016 WL 3232911 (Sept. 29, 2016).

Notably, the Eleventh Circuit—like several of its sister courts—has authorized the filing of a second or successive § 2255 motion asserting that *Johnson* renders § 924(c)(3)(B) unconstitutionally vague. *In re Pinder*, 824 F.3d 977 (11th Cir. 2016) (citing cases).

Section 924(c)(3)(B), like the materially indistinguishable residual clause in the ACCA, thus requires the "ordinary case" analysis to assess the risk involved in a predicate offense, and how risky that ordinary case is. *United States v. Fuertes*, 805 F.3d 485, 500 n.6 (4th Cir. 2015); *United States v. Avila*, 770 F.3d 1100, 1107 (4th Cir. 2014); *United States v. Ayala*, 601 F.3d 256, 267 (4th Cir. 2010); *Van Don Nguyen v. Holder*, 571 F.3d 524, 530 (6th Cir. 2009); *United States v. Sanchez-Garcia*, 501 F.3d 1208, 1213 (10th Cir. 2007). Because these are the identical analytical steps that brought down the ACCA residual clause, § 924(c)(3)(B) cannot

survive constitutional scrutiny under the due process principles reaffirmed in *Johnson*.  As a consequence, the residual clause cannot be used to support a conviction under § 924(c).

**B.   The Court must evaluate whether Mr. Clarke's predicate conviction of conspiracy to commit Hobbs Act robbery is a "crime of violence" under § 924(c)(3)(A)'s elements clause using the "categorical approach."**

Because *Johnson* has voided the residual clause in 18 U.S.C. § 924(c)(3)(B) for the reasons detailed above, a predicate conviction will continue to qualify as a "crime of violence" after *Johnson* only if it satisfies the elements clause in § 924(c)(3)(A).  In determining whether a predicate offense qualifies as a "crime of violence" for purposes of a conviction under the elements clause, this Court must apply the "categorical approach" as outlined in subsection I.

As previously mentioned, under the categorical approach, a court must generally consider only the statute and judgment of conviction.  Only if the statute is divisible may the court consider *Shepard* documents, and it may do so only for the sole purpose of ascertaining the statutory elements for which the defendant was convicted.  Once those elements are identified, the court must determine whether the least of the acts prohibited *necessarily* requires the use, attempted use, or threatened use of violent, physical force against another.  In no case may a court rely on non-*Shepard* documents or analyze whether the defendant's underlying conduct constituted a "crime of violence."

### C. Using the categorical approach, Mr. Clarke's conviction of conspiracy to commit Hobbs Act robbery no longer qualifies as a crime of violence under § 924(c).

"To convict on a Hobbs Act conspiracy, the government must show that (1) two or more people agreed to commit a Hobbs Act robbery; (2) that the defendant knew of the conspiratorial goal; and (3) that the defendant voluntarily participated in furthering that goal." *United States v. Ransfer*, 749 F.3d 914, 929 (11th Cir. 2014). Critically, however, there is no requirement that the defendant engage in an overt act in furtherance of the conspiracy. *United States v. Pistone*, 177 F.3d 957, 959-60 (11th Cir. 1999). Nor is there any requirement that the defendant was "even capable of committing" the underlying Hobbs Act offense. *Ocasio v. United States*, 136 S. Ct. 1423, 1432 (2016). Rather, "[i]t is sufficient to prove that the conspirators agreed that the underlying crime be committed by a member of the conspiracy who was capable of committing it." *Id.* (emphasis omitted).

Thus, for present purposes, a verbal or written agreement to commit Hobbs Act robbery is the least culpable way of committing the offense. *See, e.g.*, *Pistone*, 177 F.3d at 959 (upholding conviction for conspiracy to commit Hobbs Act robbery where defendant did no more than agree and plan to commit robbery, but took no overt act). That way of committing the offense clearly lacks the use, attempted use, or threatened use of violent, physical force. As a result, conspiracy to commit Hobbs Act robbery is categorically overbroad and cannot qualify as a "crime of violence."

Several courts around the country have already persuasively so held. *See, e.g.*, *United States v. Edmundson*, 153 F. Supp. 3d 857, 859 (D. Md. Dec. 23, 2015)

("The parties have not cited, nor has my own research revealed, any authority that Hobbs Act Conspiracy . . . constitutes a crime of violence under the § 924(c) force clause, which is unsurprising considering the fact that this clause only focuses on the elements of an offense to determine whether it meets the definition of a crime of violence, and it is undisputed that Hobbs Act Conspiracy can be committed even without the use, attempted use, or threatened use of physical force against the person or property of another."); *United States v. Ledbetter*, 2016 WL 3180872, at *6 (S.D. Ohio June 8, 2016) ("this Court agrees" that conspiracy to commit Hobbs Act robbery "qualifie[d] *only* under the 'residual clause' from § 924(c)(3)(B)"); *United States v. Luong*, 2016 WL 1588495, at *3 (E.D. Cal. Apr. 20, 2016) ("The court therefore finds that conspiracy to commit Hobbs Act robbery does not have as an element the use or attempted use of physical force and is not a crime of violence under the force clause.").  These decisions are persuasive, as reflected by the Eleventh Circuit's favorable citation to them in *In re Pinder*, 824 F.3d 977, 979 n.1 (11th Cir. June 1, 2016).

And, in fact, the Eleventh Circuit has held that a "prior conviction for non-overt act criminal conspiracy" to commit strong-arm robbery was not a crime of violence under the Sentencing Guidelines.  *United States v. Whitson*, 597 F.3d 1218 (11th Cir. 2010).  That case focused on whether the offense satisfied the residual clause, indicating that the parties and the Court considered it obvious that conspiracy to commit a violent offense does not satisfy the elements clause where no overt act is required.  The same is true here.

Courts in this district have followed suit and held that conspiracy to commit Hobbs Act robbery no longer qualifies as a crime of violence under § 924(c). *See e.g.*, *Gerald Mann v. United States*, Case No. 16-22605-Civ-Ungaro, DE22 (March 16, 2017) (finding conspiracy to commit Hobbs Act robbery is not a crime of violence under § 924(c)'s elements clause); *Victor Jardines v. United States*, Case No. 16-22604-Civ-Ungaro (March 13, 2016) (same); *Donald Duhart v. United States*, Case No. 16-61499-Civ-Marra, DE 13 at 12-13 (Sept. 9, 2016) (holding that a conspiracy to commit a Hobbs Act robbery does not qualify as a COV under § 924(c)'s elements clause because there is "neither a requirement that the defendant engage in an overt act in furtherance of the conspiracy," nor that a defendant was "even capable of committing" the underling offense). In other cases, the government has conceded that conspiracy to commit Hobbs Act robbery no longer serves as a predicate crime under § 924(c) under the force/elements clause. *See United States v. Bobby Jenkins*, 13-20334-CR-ALTONAGA, DE 185 (filed Nov. 9, 2016).

In sum, it is clear that a conspiracy to commit Hobbs Act robbery does not qualify as a crime of violence under § 924(c)'s elements clause. Thus, Mr. Clarke is actually innocent of his § 924(c) conviction.

## VII. Post *Johnson*, Mr. Clarke no longer qualifies for the sentencing enhancement pursuant to § 3559(c)(2), as applied to counts one and five.

Pursuant to *Johnson*, the residual clause of 18 U.S.C. § 3559(c)(2) is unconstitutionally vague. Accordingly, Mr. Clarke's conviction of conspiracy to commit Hobbs Act robbery in this case does not constitute a "serious violent felony"

under the remaining text of § 3559(c).  Furthermore, Mr. Clarke's prior convictions

of robbery, burglary of an unoccupied structure, and fleeing and eluding a police

officer no longer qualify as "serious violent felonies."

### A. The residual clause of 18 U.S.C. § 3559(c)(2) is unconstitutional.

Title 18 U.S.C. § 3559(c), known as the "Three Strikes" law, has a residual

clause that is very similar to ACCA's residual clause, and is likewise

unconstitutional in light of *Johnson*.  The Three Strikes law provides that a

defendant may be subjected to mandatory life imprisonment if his instant case is a

"serious violent felony," and he has two separate, successive prior convictions that

are both "serious violent felonies" or that pair one "serious violent felony" with one

"serious drug offense."  Qualifying convictions must be both separate and

successive, meaning the defendant must sustain a conviction for one offense before

committing the second predicate offense.  The residual clause is found in § 3559's

definition of "serious violent felony," which states:

> (F) the term "serious violent felony" means—
>
> (i) a Federal or State offense, by whatever designation and
> wherever committed, consisting of murder (as described in
> section 1111); manslaughter other than involuntary
> manslaughter (as described in section 1112); assault with intent
> to commit murder (as described in section 113(a)); assault with
> intent to commit rape; aggravated sexual abuse and sexual
> abuse (as described in sections 2241 and 2242); abusive sexual
> contact (as described in sections 2244 (a)(1) and (a)(2));
> kidnapping; aircraft piracy (as described in section 46502 of
> Title 49); robbery (as described in section 2111, 2113, or 2118);
> carjacking (as described in section 2119); extortion; arson;
> firearms use; firearms possession (as described in section

924(c)); or attempt, conspiracy, or solicitation to commit any of
the above offenses; and

(ii) any other offense punishable by a maximum term of
imprisonment of 10 years or more that has as an element the
use, attempted use, or threatened use of physical force against
the person of another *or that, by its nature, involves a
substantial risk that physical force against the person of another
may be used in the course of committing the offense.*

18 U.S.C. § 3559(c)(2)(F) (emphasis added).  Certain robberies and arsons that are

deemed to be non-violent are excepted from this definition. 18 U.S.C. §3559(c)(3).

The residual clauses of § 16(b) and § 924(c) are nearly identical to the one in

the Three Strikes law.  As previously mentioned, those residual clauses have been

read interchangeably with ACCA's residual clause, and have been analyzed under

the same categorical approach that the Supreme Court rejected in *Johnson.  Cf*., 18

U.S.C. §16(b) ("crime of violence means . . . any other offense that is a felony and

that, by its nature, involves a substantial risk that physical force against the person

or property of another may be used in the course of committing the offense.); 18

U.S.C. §924(c)(3) ("crime of violence means an offense that is a felony and . . . by its

nature, involves a substantial risk that physical force against the person or

property of another may be used in the course of committing the offense.").

The courts have recognized that the language "by their nature," found in

§ 3559, § 16(b) and § 924(c), requires application of the "ordinary case" standard

that was used in ACCA and that was so highly criticized in Johnson.  *See United

States v. Gonzalez-Longoria*, 813 F.3d 225 (5th Cir. 2016) (§ 16(b)); *United States v.

Vivas-Ceja*, 808 F.3d 719, 720 (7th Cir. 2015); *United States v. Dimaya*, 803 F.3d at

1115 (9th Cir. 2015).  Additionally, the words "substantial risk" that are found in these similar statutes was found to be comparable to ACCA's "serious potential risk" standard, which is undefined and subject to varying interpretations by the courts.  *Gonzalez-Longoria*, 813 F.3d 225; *Dimaya*, 803 F.3d at 1116 n.9 & 1120; Vivas-Ceja, 808 F.3d at 720.

Thus, *Johnson's* reasoning applies with equal force to the Three Strikes law. The Eleventh Circuit has recognized the similarities, and thus, has authorized the filing of a second or successor § 2255 motion asserting that Johnson renders § 3559(c)(2)(F) unconstitutionally vague.  *In re Richitelli*, App. Case No. 16-12795-J (June 17, 2016).  At least one judge in the district has ruled that the § 3559 enhancement is equally void for vagueness.  *See United States v. Matthew Lee Pryo*r, Case No. 15-20404-Cr-Bloom. DE 82, at 32-33.

The residual clause in the Three Strikes law cannot survive constitutional scrutiny under the due process principles reaffirmed in *Johnson*, and therefore, cannot be used to support the mandatory life enhancement under that provision.

### B. Mr. Clarke's conviction of conspiracy to commit Hobbs Act robbery is no longer a "serious violent felony" under the definition of § 3559(c).

Post *Johnson*, in order for a prior conviction to qualify as a serious violent felony under § 3995(c)(2)(F), it must be one of the enumerated offenses or fall under the element's clause.  Determining whether conspiracy to commit Hobbs Act robbery is a serious violent felony under § 3995(c)(2)(F) uses the same analysis as whether it qualifies as a crime of violence under § 924(c).  Thus, for the reasons

stated above in subsection VI(C), conspiracy to commit Hobbs Act robbery no longer qualifies as a "serious violent felony" under the elements clause of § 3995(c)(2)(F).

Additionally, conspiracy to commit Hobbs Act robbery does not fall under the enumerated offense of robbery in § 3995(c)(2)(F)(i).  Section 3995(c)(2)(F)(i) specifies that robbery is considered a serious violent felony if it is robbery as described in "section 2111, 2113, or 2118."  It does not include Hobbs Act robbery as defined in § 1951(a), the statute under which Mr. Clarke was convicted.  Furthermore, § 3995(c)(3)(A) excepts robberies from being "serious violent felonies" where no firearm was used and the offense did not result in death or serious bodily injury. Accordingly, Mr. Clarke's conviction for conspiracy to commit Hobbs Act robbery under § 1951(a) does not qualify as a serious violent felony and cannot support the § 3559 enhancement.

## C.  Mr. Clarke no longer has two prior convictions for "serious violent felonies" that would qualify him for the enhancement under § 3995.

The possible prior convictions the government stated could be used to enhance Mr. Clarke under § 3995 are:

1) Case F95-21499 from Miami Dade: conviction for armed robbery under Florida statute § 812.13(2);

2) Case F06-28846A from Miami Dade: conviction of burglary of an unoccupied structure, under Florida statute § 810.02(4)(A); and

3) Case F12-6583 from Miami Dade: conviction for fleeing and eluding a police officer.

26

After *Johnson*, none of these prior convictions qualify as serious violent felonies under § 3995(c)(2)(F).

### i. Mr. Clarke's prior conviction of fleeing and eluding a police officer no longer qualifies as a "serious violent felony."

The government has conceded in other cases that fleeing and eluding no longer qualifies as a violent felony under the ACCA. *See, e.g.*, *Nix v. United States*, No. 16-cv-80986, D.E. 9 at 2 (S.D. Fla. June 20, 2016). Additionally courts in this district have held that a conviction under this statute does not qualify as a violent felony. *See e.g.*, *Doloman v. United States*, Case No. 15-23244-Civ-HUCK, DE 18:21 (granting the motion to vacate because "the [petitioner]'s prior Florida conviction for fleeing and eluding police no longer qualifies as a violent felony under the ACCA"); *Johnson v. United States*, Case No. 16-80775-Civ-MARRA, DE 8:2-3 ("After careful consideration, the United States now concedes that [petitioner]'s convictions for fleeing and attempting to elude no longer qualify as ACCA predicates under *Johnson*.").

For those same reasons, a conviction for fleeing and eluding under Florida Stat. § 316.1935 no longer constitutes a serious violent felony under § 3995. Furthermore, the government did not argue in either its initial or supplemental response that fleeing and eluding still qualifies as a serious violent felony under § 3995's elements or residual clause.

27

### ii. Mr. Clarke's prior conviction for burglary of an unoccupied structure under Fla. Stat. § 810.02(4)(A) no longer qualifies as a serious violent felony.

The government concedes that Florida burglary no longer qualifies as a violent felony under the ACCA's elements clause. For those same reasons, burglary of a structure cannot qualify as a serious violent felony under § 3995(c)(2)(F)'s element's clause.

Furthermore, the Eleventh Circuit recently held that a conviction under Florida's burglary statute, Fla. Stat. § 810.02(1)(b)(1), the same overall statute under which Mr. Clarke was convicted, "as a categorical matter, is not a 'violent felony' under ACCA." *United States v. Esprit*, 841 F.3d 1235, 1239 (11th Cir. 2016). This Court reasoned that now that *Johnson* effectively excised the residual clause from the ACCA, the only possible way for a Florida burglary conviction to qualify as an ACCA predicate would be under the enumerated offenses clause. That means in order to qualify as a violent felony, Florida burglary must fit the generic definition of burglary. However, this Court held, Fla. Stat. § 810.02 created "a single indivisible crime that includes non-generic burglary." That means "no conviction under the statute can be assumed to be generic." *Id.*, citing *Lockett*, 810 F.3d at 1266. And if no conviction under Florida's burglary statute qualifies as generic burglary, then "no such conviction can serve as an ACCA predicate offense." *Id.*

In sum, this Court should hold, consistent with its prior decision in *Esprit*, that Mr. Clarke's conviction for Florida burglary does not qualify as a serious violent felony under § 3995(c).

### iii.    Mr. Clarke's prior conviction of Florida robbery no longer qualifies as a "serious violent felony."

Mr. Clarke recognizes the Eleventh Circuit decisions in *United States v. Seabrooks*, 839 F.3d 1326 (11th Cir. 2016) and *United States v. Fritts*, 841 F.3d 937 (11th Cir. 2016).  However, Mr. Clarke maintains these cases were wrongly decided and specifically preserves this issue.

Because Mr. Clarke's conviction of conspiracy to commit Hobbs Act robbery, and his prior convictions of fleeing and eluding, burglary of a structure, and robbery no longer qualify as serious violent felonies, the sentencing enhancement to life imprisonment in counts one and five cannot apply.

## VIII.  In addition to vacating the sentences in counts one, four, and five, this Court must vacate the sentence in count two under the sentencing package doctrine.

Once this Court vacates Mr. Clarke's ACCA sentence and § 3995 sentences, it must his sentence on count two as well, under the "sentencing package doctrine." "The notion is that, especially in the guidelines era, sentencing on multiple counts is an inherently interrelated, interconnected, and holistic process which requires a court to craft an overall sentence—the 'sentence package'—that reflects the guidelines and the relevant § 3553(a) factors." *United States v. Fowler*, 749 F.3d 1010, 1015 (11th Cir. 2014).  That is particularly true where multiple counts are grouped together under the Guidelines.  *See, e.g.*, *United States v. Rozier*, 485 Fed. App'x 352, 356 (11th Cir. July 27, 2012).   Accordingly, "when a conviction on one or more of the component counts is vacated for good, the district court should be free to reconstruct the sentencing package (even if there is only one sentence left in the

package) to ensure that the overall sentence remains consistent with the guidelines, the § 3553(a) factors, and the court's view concerning the proper sentence in light of all the circumstances." *Fowler*, 749 F.3d at 1015.  This doctrine applies not only where a count is vacated on direct appeal, but where it is vacated in a § 2255 proceeding.  *Id.* at 1016-17 (explaining that "it would not matter if his Count 1 conviction had been set aside in a § 2255 proceeding instead of as a result of his direct appeal because in the present, post-guidelines era there is no difference").  Therefore, once this Court vacates the ACCA or § 3995(c) sentences, it must vacate the other sentences as well.

In this case, as a result of finding Mr. Clarke qualified for the § 3995 enhancement, the Court was required to sentence Mr. Clarke to life imprisonment.  Mr. Clarke's sentence on count two was thus affected by that requirement.  In fact, the Court stated to Mr. Clarke that it believed that a sentence of life imprisonment was "greater than necessary to achieve the objectives of sentencing."  Crim. DE 146:8.  The Court went on to say that if it had discretion, it would not impose such a sentence.  *Id.*  Thus, it is clear from the record that had Mr. Clarke not qualified for the § 3559 enhancement, the Court would not have imposed a life sentence on counts two and four as well.  Consequently, if the sentences on any of Mr. Clarke's counts of conviction are vacated, his entire sentence should be vacated.

## <u>CONCLUSION</u>

For the above reasons, Mr. Clarke respectfully requests that this Court

vacate his sentences on all counts.

Respectfully Submitted,

**MICHAEL CARUSO**
**FEDERAL PUBLIC DEFENDER**

By:        _/s/Julie Holt_____
Julie Holt
Assistant Federal Public Defender
Florida Bar No.:  95997
150 W. Flagler Street, Suite 1700
Miami, Florida  33130
Tel: (305) 530-7000
Email: julie_holt@fd.org

**CERTIFICATE OF SERVICE**

I HEREBY certify that on March 29, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Julie Holt*
Julie Holt
