IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cv-20387-ALTONAGA/REID
(13-20334-CR-ALTONAGA)

JOSEPH PETER CLARKE,
    Movant,

UNITED STATES OF AMERICA,
    Respondent.
_____/

**MOVANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO VACATE CONVICTIONS AND SENTENCE PURSUANT TO 28 U.S.C. §2255 AS DIRECTED BY ORDER OF COURT IN LIGHT OF SUPREME COURT DECISION *UNITED STATES V. DAVIS*, 139 S. Ct. 2319 (2019) DE#58**

COMES NOW Movant, through his undersigned counsel, and pursuant to *United States v. Davis*, 139 S.Ct 2319 (2019) moves this honorable court to vacate his four (4) convictions and life sentences and re-sentence defendant, and files the above memorandum in support thereof as follows:

1. CASE HISTORY: Movant On May 10, 2013, an Indictment was returned charging the movant with conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. §1951(a) (Count 1); conspiracy to possess 4 with intent to distribute five or more kilograms of cocaine, in violation of 21 U.S.C. §841(b)(1)(A)(ii) and §846 (Count 2); felon in possession of a firearm, in violation of 18 U.S.C. §922(g)(1) and §924(e)(1) (Count 4); and, using and carrying a firearm during and in relation to a crime of violence and possession of a firearm in furtherance of a crime of violence, an offense for which the defendant may be prosecuted in a

court of the United States, specifically, a violation of Title 18, United States Code, Section 1951(a), as set forth in Count 1 of this Indictment, in violation of 18, United States Code, Sections 924(c)(1)(A) and 2. (CrDE#12:1-3). Count 1 charged movant with conspiracy to commit Hobbs Act robbery, not a substantive Hobbs Act robbery violation. Prior to trial, the government filed a prior felony information notice, triggering the application of the three strikes" statute, 18 U.S.C. §3559(c). (Cr-DE#28). Prior to trial, the government filed a prior felony information notice, triggering the application of the "three strikes" statute, 18 U.S.C. §3559(c). (Cr-DE#28). A PSI was prepared, which reveals that, pursuant to U.S.S.G. §3D1.2(c), Counts 1, 2, and 4 were grouped together because one of the counts embodies conduct that is treated as a specific characteristic to the guideline applicable to another of the counts. (PSI ¶18). Count 5 was excluded from grouping because it carries a minimum mandatory term of imprisonment to run consecutive to any other term of imprisonment imposed. (PSI ¶19). the offense level was set at 32, based on the fact that the offense involved at least 5 kilograms, but less than 15 kilograms of cocaine. (PSI ¶20). An additional 2-level enhancement was added to the offense level because the movant used violence, made a credible threat to use violence, or directed the use of violence, resulting in an adjusted offense level 34. (PSI ¶21). the movant qualified for an enhanced sentence as a career offender because he was at least 18 years old at the time of the offenses of conviction, the offenses are either a crime of violence or a controlled substance offense, and movant had at least two prior felony convictions

for either a crime of violence or controlled substance offense, relying on case nos. F95-21499 and F12-6583. (PSI ¶26). Movant's §924(c) offense of conviction carries a mandatory consecutive term of imprisonment, the guideline range under U.S.S.G. §4B1.1(c)(3) is lower and thus not applicable. (PSI ¶26). The PSI further notes that the movant also qualified for an enhanced sentence as an armed career criminal. (PSI ¶26). Pursuant to U.S.S.G. §4B1.4(b)(2), the greatest offense level for an armed career criminal is produced by applying the offense level from U.S.S.G. §4B1.1(career offender). (PSI ¶26). Therefore, the base offense level was set at a level 37, pursuant to U.S.S.G. §4B1.1(a),(b)(1). (PSI ¶26). No adjustments for acceptance of responsibility were given, and the total adjusted offense level remained a level 37. (PSI ¶¶27-28). the movant had a total of 16 criminal history points, resulting in a criminal history category VI. (PSI ¶40). Since the criminal history category as a career offender and an armed career criminal is always a category VI, the movant's criminal history category remained unchanged. (PSI ¶40). Based on a total offense level 37 and a criminal history category VI, the movant faced an advisory guideline range of 360 months to a term of life imprisonment as to Counts 1, 2, and 4. (PSI ¶73). Regarding Count 5, the movant faced a term of life imprisonment, to run consecutive to any other term of imprisonment imposed by the court. Movant appeared for sentencing on December 18, 2013. (CrDE#146). The district court made the following finding at sentencing: "Your Offense Level is 37, Criminal History Category 6. Based upon those classifications which you do hold and which Mr. Vazquez, the prosecutor,

articulated, I am required by law to impose this sentence. And therefore it is the judgment of this Court that you are committed to the Bureau of Prisons to be imprisoned for life. The term consists of life imprisonment as to Counts 1, 2 and 4 to be served concurrently with each other. And life imprisonment as to Count 5 to run consecutively to the terms imposed as to Counts 1, 2, and 4. You have a significant criminal history, Mr. Clarke, but let me just say, because I have not addressed at all the factors in 18 U.S.C., 3553, that based upon a careful review of your criminal background and the facts of this case and what I know of you, it is my belief that this sentence is greater than necessary to achieve the objectives of sentencing. I would not be honest if I said it otherwise. And that will be in the record, as well. But I am required by law to give you this sentence and it is the one that I imposed, notwithstanding that if I had the discretion I would not be doing this." (Cr-DE#146:7-8). Movant timely filed his motion to vacate with supporting memorandum on January 27, 2016, (See Cv-DE#s1,4).

2. REPORT OF MAGISTRATE JUDGE RE §2255 CHALLENGING CONVICTIONS & SENTENCES POST-*JOHNSON*: On July 31, 2018, the magistrate court entered the report recommending that relief be granted and that Movant's four (4) life sentences should be vacated (DE#33:35; 50; 58). Subsequent to the filing of the report several interceding relevant court decisions were rendered. On August 14, 2018 the government timely filed objections to the report which in summary conceded that the life sentences in counts 2, 4 and 5 should be vacated as reasoned in the report, but, the life sentence in count 1

should remain undisturbed citing certain authorities on that date which have been subsequently overturned by *United States v. Davis*, 139 S. Ct. 2319 (2019). (Cv-DE#34). Thereafter, On October 5, 2018 the district court entered an order returning Movant's motion to the magistrate court for a renewed report in light of the decision in *Ovalles v. United States*, No. 17-10172 which was entered the day before on October 4, 2018. (Cv-DE#42). Thereafter, on October 10, 2018, the magistrate court entered an order directing the parties to brief the issue of whether or not the case should be stayed pending disposition of the pending writs of certiorari in *United States v. Davis* and *Ovalles v. United States* (previously cited). Following motion practice the district court ordered the case stayed pending review by the Supreme Court. On June 24, 2019, the Supreme Court decided *United States v. Davis*, 139 S. Ct. 2319 (2019) holding that 18 U.S.C. § 924(c)(3)(B) otherwise referred to as the "residual clause" is unconstitutionally vague. In ruling so, the Supreme Court overruled *Ovalles v.United States*, 905 F.3d 1231, 1238 (11th Cir. 2018). *United States v. Sneed*, 600 F.3d 1326, 1331 (11th Cir. 2010) ("We remain bound by our prior panel decisions unless and until it is overruled or undermined to the point of abrogation by the Supreme Court.") The *Davis* decision answers the question whether or not 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague in the affirmative, yes it is. Mr. Clarke is entitled to vacature of his 18 U.S.C. § 924(c)(3)(B) conviction and life sentences and should be re-sentenced in light to the Davis decision. Substantively, Mr. Clarke is actually innocent of the § 924(c) conviction. *United States v. Davis*, 139 S. Ct.

2319 (2019).

3. MEMORANDUM OF LAW: Section 2255(a) authorizes a federal prisoner to collaterally attack his sentence on the ground that it "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). Here, Mr. Clarke's sentences were imposed in violation of federal law because the underlying § 924(c) convictions are invalid. *Davis v. United States*, 417 U.S. 333, 346 (1974) ("Davis' conviction and punishment are for an act that the law does not make criminal (conspiracy to commit Hobbs Act Robbery). There can be no room for doubt that such a circumstance inherently results in a complete miscarriage of justice and presents exceptional circumstances that justify collateral relief under § 2255.") And because his § 924(c) convictions are invalid, the corresponding sentences necessarily exceed the statutory maximum as well. Here, the § 924(c) conviction in Count Five was based solely on the predicate offense of Hobbs Act conspiracy. *United States v. Davis*, 139 S. Ct. 2319 (2019).

The magistrate court previously correctly ruled that all of Movant's convictions and sentences should be vacated after the Supreme Court decision in *Johnson v. United States*, 576 U.S. (2015), as movant's sentence enhancement, pursuant to 18 U.S.C. §3559(c), is no longer lawful, because his conviction for conspiracy to commit Hobbs Act robbery does not qualify as a serious violent felony and thus cannot support the enhancement, and further, that movant no

longer has the qualifying predicate offenses to support an enhanced sentence as an armed career criminal post-Johnson, which reasoning movant did not object to and relies upon and adopts in support of this motion after the subsequent decision in *United States v. Davis*, 139 S. Ct. 2319 (2019).  (Cv-DE#33).

Movant submits that his enhanced sentence as an armed career criminal, Count 4, 18 U.S.C. §922(g)(1) and 18 U.S.C. §924(e)(1) is unlawful because he does not have the qualifying predicate offenses to support the enhancement.  This point was conceded by the government that movant's enhanced sentence as an armed career criminal, as set forth in the PSI, is no longer valid. (CvDE#14:5,7). The magistrate court concurred holding that "this §2255 motion is due to be granted to the extent that the sentence imposed as to Count 4 must be vacated because it is unlawful post-Johnson (*Johnson v. United States*, 576 U.S. __ (2015)". (CvDE#33:35).

Movant further submits that the predicate offense, conspiracy to commit Hobbs Act robbery 18 U.S.C. §924(c), is no longer a crime of violence; and, as such, cannot serve as the underlying predicate to support the §924(c) conviction and consecutive life sentence imposed in Count 5 of the Indictment.  The triggering predicate offense, conspiracy to commit Hobbs Act robbery, is no longer a crime of violence; and, as such, cannot serve as the underlying predicate to support the §924(c) conviction.  The magistrate court concluded that "the movant's motion should be granted, and his conviction and resultant sentence as to Count 5, for using and carrying a firearm and possessing a firearm in

furtherance of a crime of violence, as charged in Count 1, the Hobbs Act robbery conspiracy, should be vacated." (CvDE#33:50).  This determination was made without the benefit of the subsequently rendered Davis decision discussed above holding that Hobbs Act robbery conspiracy is not considered a crime of violence" under §924(c)(3)(B)'s risk-of-force/residual clause.

Finally, the magistrate court ruled that conviction as to Count 1, for conspiracy to commit Hobbs Act robbery, is not a qualifying serious violent felony conviction for purposes of the 18 U.S.C. §3559(c) enhancement and further that  movant did not have the required predicate offenses to support the §3559(c) enhancement as to Count 1.  (CvDE#33:56).  The magistrate court noted that after Johnson courts have made clear that a Florida burglary conviction is not a violent felony and thus not a proper qualifying predicate, taking the definition of burglary outside the generic definition for the offense.  (CvDE#33:57). Further movant's prior fleeing and eluding convictions cannot support the §3559(c) enhancement. Post Johnson, the Eleventh Circuit has held that Florida's fleeing and eluding statute no longer qualifies as a violent felony" under the ACCA, because it does not have "as an element the use, attempted use, or threatened use of physical force against the person of another," is not "burglary, arson, or extortion," and does not involve the "use of explosives."  Since the movant only has the one qualifying predicate to support the enhancement under §3559(c), his sentences as to Counts 1 and 5 must be vacated as they are no longer valid post-Johnson. Therefore, this §2255 motion is due to be granted to the extent that the sentence imposed as to

Count 1, 2 and 5 must be vacated, because they are no longer lawful post-Johnson. (CvDE#33:58).

4. CONCLUSION: Based upon all of the foregoing, all of movant's four (4) life sentences must be set aside and vacated as required by *United States v. Davis*, 139 S. Ct. 2319 (2019) and *Johnson v. United States*, 576 U.S. __ (2015).

WHEREFORE, movant respectfully requests the court to grant his motion, vacate and set aside his convictions and sentences, order preparation of revised presentence investigation report and correct movant's sentence and any other relief the court deems just and proper.

DATED this 10th day of January, 2020.

I CERTIFY that a copy of this motion was delivered to the U.S. Attorney and all parties via counsel by electronic filing on January 10, 2020.

/s/ A. Wallace

ARTHUR L. WALLACE, III, ESQ.
Counsel for the Movant
Florida Bar No. 769479
2211 E. Sample Rd., #203
Lighthouse Point, FL 33064
Tel. (954) 943-2020
Fax. (954) 782-1552