**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 16-20387-CIV-24292-ALTONAGA/LOUIS**
**(13-20334-CR-ALTONAGA)**

**JOSEPH PETER CLARKE,**

        **Movant,**

**v.**

**UNITED STATES OF AMERICA,**

        **Respondent.**

_____/

## THE UNITED STATES' RESPONSE TO MOVANT'S MEMORANDUM OF LAW CVDE 67

The United States, by and through the undersigned Assistant United States Attorney, hereby respectfully submits its Response to Movant Joseph Peter Clarke's Memorandum of Law.

## PROCEDURAL BACKGROUND

On May 10, 2013, a federal grand jury in the Southern District of Florida returned a 5-count indictment charging Bobby Jenkins and the Movant with conspiracy to commit a Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (Count 1); conspiracy to possess with intent to distribute five or more kilograms of cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A)(ii) and 846 (Count 2); possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Counts 3 & 4, respectively); and using and carrying a firearm during and in relation to a crime of violence and possession of a firearm in furtherance of a crime of violence, specifically, the Hobbs Act robbery as set forth in Count 1, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2 (CRDE12).

1

On August 2, 2013, the Government filed its notice of the Movant's qualification for a sentencing enhancement under Title 18, United States Code, Section 3559(c) (CRDE28). On October 11, 2013, following a jury trial the Petitioner and his co-defendant were found guilty on all counts (CRDE80, 84). The Movant was sentenced to life imprisonment for Counts 1, 2, and 4, and a consecutive life term for Count 5 (DE110). The Movant unsuccessfully appealed and remains incarcerated (DE113, 115).

Principally, the Movant's challenges address the predication of his Section 924(c) offence, and enhanced penalty under the Armed Career Criminal Act (Title 18, United States Code, Section 924(e)) and the "Three Strikes Law" (Title 18, United States Code, Section 3559(c)).

Based on the evolution of the case precedent, the United States submits that resentencing is warranted for the Movant as addressed below.

## FACTUAL BACKGROUND

On April 30, 2013, at approximately 7:20 p.m., a special response team of ATF agents converged on the car in which co-defendant Bobby Jenkins and the Movant were seated. Seeing the agents, Jenkins, in the front passenger seat, quickly dropped his loaded .40 caliber Sig Sauer pistol to the floor of the car, removed the gloves he had been wearing and dropped them as well (CRDE137:166, 171-73). The Movant, seated in the back seat, dropped his semi-automatic rifle and gloves and got out of the car. He failed to follow the agents' commands to raise his hands and moved as though he was contemplating escape. The agents fired a rubber bullet at his leg and stopped him. Jenkins then emerged from the car following the agents' commands to put his hands up (*id.*).

Agents found the loaded semi-automatic rifle and gloves on the floorboard near the Movant's seat (CRDE138:18-21). An additional loaded magazine for the rifle was recovered from under the front passenger seat (CRDE138:26). Jenkins and the Movant were wearing dark clothing and sweaters or sweatshirts. A black t-shirt, a white cloth, and a baseball cap were also recovered from the car (CRDE138:27-29).

The ATF had begun investigating Jenkins one month earlier, on March 27, 2013, when a confidential informant ("CI") told ATF Task Force Officer Kenneth Veloz that Jenkins was interested in committing a drug stash house robbery (DE137:18). Agent Veloz devised a scenario - a home invasion robbery of 15 kilograms of cocaine from a drug dealer's stash house – to determine if Jenkins was actually seeking to commit a robbery.

On April 9, 2013, during a Jenkins assured Agent Veloz that he understood and he and his "people" could do the job (G.E. E7, E8, and CAV Disc). Jenkins claimed that he and his cousin had done a robbery in the past (*id.*). Jenkins brought the Movant to the next meeting ten days later, and introduced him to Agent Veloz (G.E. E13, E14, and CVA). In response to Agent Veloz's statement that there would only be two people inside the house to protect the drugs and that at least one would be armed, the Movant concluded that "if it's just them two, it shouldn't really be no issue as far as getting in and getting out" (*id.*). Jenkins and the Movant also asked whether Agent Veloz wanted them to kill everyone in the stash house (*id.*).

On April 24, 2013, at the third and final meeting before the robbery, the Movant told Agent Veloz that he and Jenkins would be ready (G.E. E18, 19). The Movant warned Agent Veloz to drop when he started shooting:

3

> JC: If it get ugly, it's not gonna be all of that there. The guns – when I move my trigger, I'm on precision. I'm not one of these guys who be 'round here shooting reckless, wild and all around like that there. When I pull that trigger, I'm dropping your ass and that's the end of it. So when I drop you, you just continue your movement, get out of the way, you understand me, and we meet up from that point.

(G.E. E18, E19).

On April 30, 2013, the CI picked up Jenkins and the Movant, as arranged, with their firearms (G.E. E25; DE137:86-88). Jenkins told the CI that his assault rifle was an "AR-15" and the Movant stated that he had a "Sig." While in the vehicle, which was actually an undercover vehicle equipped with audio and video cameras, the Movant accidentally fired the rifle making a hole in the floor of the car (G.E. E29). After they were arrested and placed in the police car, the Movant was recorded saying to himself, "Okay. Alright. Gone for life, Joe. Thirty plus whatever." *Id*.

Probation set the Movant's base offense level at 32 and added two levels because of his credible threat to use violence (PSI ¶¶ 20, 21). Probation determined that the Movant was a career offender, pursuant to USSG § 4B1.1, and identified his two qualifying prior felony convictions as (1) a 1995 conviction for armed robbery and resisting an officer without violence; and (2) a 2012 conviction for fleeing and eluding the police (PSI ¶¶ 26, 32, 39). This resulted in a total offense level of 37 (PSI ¶ 26). Probation also determined that the Movant was an armed career offender and subject to statutory enhancement under Title 18, United States Code, Section 3559(c) (PSI ¶ 39, 72).

The Movant scored a subtotal of 14 criminal history points but, because he had committed the present offense while on probation, two more points were added for a total of 16 criminal

4

history points and a criminal history category of VI (PSI ¶ 40). Based on his criminal history, the Movant predicated two mandatory life sentences for Count 1 Hobbs Act Conspiracy and Count 5 Firearm Possession in Furtherance of the Hobbs Act Conspiracy. The Movant was also produced guidelines of 360 months to life for his drug trafficking conspiracy under Count 2 and conviction for Possession by a Convicted Felon as an Armed Career Criminal under Count 4.

1. **Movant's Conviction for Conspiracy to Commit Hobbs Act Robbery Does Not Constitute Section 924(c) a Crime of Violence, CVDE 67, Page 7**

The United States concurs with the Movant that his prior conviction for conspiracy to commit Hobbs Act Robbery no longer constitutes a Section 924(c) crime of violence following *United States v. Davis*, 139 S. Ct. 2319 (2019). *Brown v. United States*, 942 F.3d 1069, 1076 (11th Cir. 2019). Consequently, the movant's Section 924(c) conviction under Count 5 of the Indictment predicated by the Hobbs Act Conspiracy charged in Count 1 is no longer viable.

2. **Movant is No Longer Properly Designated as a An Armed Career Criminal, CVDE 67, Page 7**

The United States reaffirms its prior position that the Movant no longer qualifies as Armed Career Criminal under Title 18, United States Code, Section 924(e).

3. **The United States withdraws from the contention that the Movant's Conviction for Conspiracy to Commit Hobbs Act Robbery Constitutes a Serious Violent Crime under 18 U.S.C. §3559(c), CVDE 67, Page 7**

Under the current jurisprudential landscape the United States withdraws its prior contention that the Movant qualifies as a "Three Strike" offender pursuant to 18, United States Code, Section 3559(c). Pursuant to this position, and solely for the purpose of the Movant's motion, the United States concurs that the Movant should resentenced under Count 1 of the indictment.

### 4. A Resentencing Hearing for the Movant is Warranted

Although the Movant's life sentence pursuant to Title 21, Untied States Code, Section 846 remains lawful and within the guidelines as to Count 2 of the Indictment for Conspiracy to Possess Narcotics with Intent to Distribute, the United States notes that based on the concessions above, the Court may well deem it proper to conduct a resentencing hearing. At the prior sentencing the Court expressed that its sentence of the Movant was derived from the statutory mandatory sentencing laws governing the conduct. *See* CRDE 146, Page 7 and 8. Given that those considerations are no longer present, the United States submits that it would be proper to conduct a resentencing guided by the Title 18, Untied States Code, Section 3553 factors. The United States submits that a significant sentence of the Movant remains justified by the egregiousness of the underlying crimes proven at trial and the precursor criminal history.

        Respectfully submitted,

        ARIANA FAJARDO ORSHAN
        UNITED STATES ATTORNEY

By:    /s/ Ignacio J. Vázquez, Jr.
        Ignacio J. Vázquez, Jr.
        Assistant United States Attorney
        Florida Bar No. 16275
        99 Northeast 4th Street
        Miami, Florida 33132-2111
        Tel: (305) 961-9318
        Fax: (305) 536-4699

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** I electronically filed this document, with the Clerk of the Court using CM/ECF.

/s/ Ignacio J. Vázquez, Jr.
Ignacio J. Vázquez, Jr.
Assistant United States Attorney
